■ MARGARET WESTOVER, Appellant, v JAMES K. WESTOVER, SR., Respondent, et al., Defendant. [615 NYS2d 298] —Appeal from an order of the Supreme Court (Rose, J.), entered January 8, 1993 in Tioga County, which granted a motion by defendant James K. Westover, Sr. for summary judgment dismissing the complaint against him.

The record reveals that defendant James K. Westover, Sr. had no knowledge of any dangerous propensities of defendant Barbara E. Lane nor the need to control Lane while she was at his home. In addition, and as plaintiff readily acknowledged, Lane's actions were so sudden and spontaneous that Westover did not have the opportunity to prevent her assault on plaintiff. Under the circumstances, there is no basis for liability against Westover and his motion for summary judgment was therefore properly granted.

Cardona, P. J., Mikoll, White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of the Claim of SANDRA L. DeVITA, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [613 NYS2d 64] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 12, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant testified that she left her employment because she believed that the workload and deadlines were unrealistic, her hours were overwhelming and she did not receive compensatory time for all of her overtime hours. We find substantial evidence to support the Board's decision that claimant voluntarily left her employment without good cause. The record fails to establish that claimant was misled as to the nature and demands of her job. In addition, claimant was not reprimanded when she missed deadlines and, in fact, her supervisor even attempted to accommodate claimant in this regard. There is also no indication that claimant ever complained about the compensatory time she received and any conflicting testimony in this regard merely created a credibility question for the Board to resolve. Finally, dissatisfaction with working conditions does not constitute good cause for leaving one's employment.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.